UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62560-CIV-COHN/SELTZER

ANDREA SAMUEL, ANGELIA JAMES,
CLARESA HOWARD, et al.,

    Plaintiffs,

vs.

FAMILY DOLLAR STORES OF FLORIDA, INC.

    Defendant.
_____/

### ORDER GRANTING IN PART MOTION TO MODIFY DATES PENDING THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S ENTRY OF A FINAL TRANSFER ORDER

**THIS CAUSE** is before the Court on Defendant Family Dollar Stores of Florida, Inc,'s Motion to Modify Dates Pending the Judicial Panel on Multidistrict Litigation's Entry of a Final Transfer Order [DE 15], Plaintiffs' Response [DE 17], and Defendants' Reply [DE 18]. The Court has carefully considered the motion and is fully advised in the premises.

Defendant Family Dollar Stores of Florida ("Defendant") seeks to stay this action pending a decision by the Judicial Panel on Multidistrict Litigation ("Panel") on whether to transfer this action to the MDL court. On April 8, 2008, the Panel created MDL No. 1932, consolidated a number of Fair Labor Standards Act ("FLSA") collective actions regarding the exempt status of Store Managers at Defendant's retail locations, and transferred those actions to the Western District of North Carolina. On December 1, 2011, the present action, filed by several present or former store managers at Defendant's locations in Florida ("Plaintiffs"), was removed by Defendant to this Court.

Plaintiffs allege violations of the FLSA.  On December 5, 2011, Defendant filed a Notice of Tag-Along Action with the MDL court.  The Panel entered a Conditional Transfer Order ("CTO") on December 7, 2011 [DE 6-2].

On December 13, Plaintiffs filed a notice in this court that it had moved to vacate the CTO, based upon the argument that Defendant was merely forum shopping in seeking transfer due to conflicting decisions from the United States Court of Appeals for the Eleventh Circuit and from the Fourth Circuit [DE 8].  Compare Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir. 2008), with Grace v. Family Dollar Stores, Inc., 637 F.3d 508 (4th Cir. 2011).  Defendant's opposition to Plaintiffs' motion to vacate was filed with the Panel on January 18, 2012, along with a motion for hearing before the Panel.[1]

After the present action was removed to this Court, Defendant sought and received an extension to respond to Plaintiffs' complaint [DE's 6 and 9].  Defendant filed its answer on January 10, 2012 [DE 10].  The next day, this Court set this case for trial in November of 2012 and referred the matter to United States Magistrate Judge Barry Seltzer for a scheduling conference [DE 11].[2]  On January 13, Plaintiffs served various sets of written discovery upon Defendant.

Defendant now seeks to modify the trial date and delay the scheduling conference pending transfer of this action to the MDL court.  Defendant acknowledges

---

[1] Given that the Panel's next hearing is on January 26, 2012 in Miami, Florida, this Court presumes that if oral argument is granted, the next panel hearing will be in late March.

[2] Judge Seltzer than set the conference for January 27, 2012 [DE 12].

in its reply that a delay of the scheduling conference effectively means a delay in the commencement of discovery pursuant to Fed. R. Civ. Pro. 26(d)(1).  In support of its motion to stay the scheduling conference, Defendant relies upon the Manual for Complex Litigation, which generally advises that "there would be little purpose in entering a scheduling order while a conditional order of transfer is pending."  Manual for Complex Litigation (Fourth) § 20.131 (2004).  If this case is transferred to the MDL court, that court would determine how discovery is to proceed.

Plaintiffs contend that whether or not this case is transferred to an MDL court, discovery will commence either way.  Under the particular facts surrounding this action, this Court agrees that there is no reason to delay discovery.  Defendant has been litigating similar cases for several years.  In reviewing Grace and Morgan, it appears that the particular facts regarding duties and supervision of store managers may differ from state to state, meaning that discovery of the duties of Florida managers is likely relevant regardless of transfer.  Given these appellate decisions, it is not clear that this action will be transferred.  In addition, a hearing on the pending transfer motion may not occur for 60 days, given the Panel's schedule.  These facts make this case different from many other actions that this Court has completely stayed pending MDL transfer.

Therefore, the Court concludes that while it will grant a continuance of the scheduling conference and a limited stay of this action, this stay does not include written discovery requests.  The Court is not compelling production of any documents – the Court is merely exercising its discretion not to stay written discovery.  The Court reaches this decision even though a scheduling conference has not taken place.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Family Dollar Stores of Florida, Inc,'s Motion to Modify Dates Pending the Judicial Panel on Multidistrict Litigation's Entry of a Final Transfer Order [DE 15] is hereby **GRANTED in part** and **DENIED in part**;

2. The Scheduling Conference is hereby **POSTPONED**, pending a decision on the transfer of this action to the MDL court;

3. This case is **STAYED**, with the exception of written discovery, until the Judicial Panel on Multidistrict Litigation enters an order regarding transfer of this action, or until further order of this Court;

4. The Clerk of the Court shall **CLOSE** this case for administrative purposes;

5. Defendant's counsel shall immediately forward to this Court any orders from the MDL panel regarding transfer of this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF